IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD JONES,  )
  )
        Plaintiff,  )
  )
v.  )
  )  Civil Action No. 15-5E
CAROLYN W. COLVIN,  )
ACTING COMMISSIONER OF  )
SOCIAL SECURITY,  )
  )
        Defendant.  )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of February, 2016, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability

to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his SSI application on February 23, 2012, alleging disability due to bipolar disorder, agoraphobia, panic disorder, depression, anxiety, post-traumatic stress disorder, paranoid thoughts, heart arrhythmia, high blood pressure and high cholesterol. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on June 27, 2013, at which plaintiff appeared and testified while represented by counsel. On July 16, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on November 18, 2014, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has an 11th grade education, was 32 years old when he filed his application, and is classified a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff does not have any past relevant work experience, and he has not engaged in substantial gainful activity at any time since he filed his application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that plaintiff suffers from the severe impairments of bipolar disorder, panic disorder with agoraphobia and depression; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform work at all exertional levels, but he has a number of non-exertional limitations. Plaintiff must avoid

AO 72
(Rev. 8/82)

exposure to unprotected heights, dangerous machinery and workplace hazards. In addition, plaintiff is limited to understanding, remembering and carrying out simple instructions and performing simple, routine tasks. Further, plaintiff is precluded from any work related contact with the public and he is restricted to only occasional and superficial interaction with co-workers and only occasional supervision. Finally, plaintiff requires a low stress work environment with no production rate pace work, but rather goal oriented work that involves only occasional and routine change in the work setting (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing work that exists in significant numbers in the national economy, such as a dishwasher, janitor or cleaner. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light

of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence because the ALJ failed to properly consider the medical evidence of record. For reasons explained below, plaintiff's argument is without merit.

Plaintiff first contends that the ALJ failed to properly weigh the opinion of his treating psychiatrist, Dr. Frank Yohe. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §416.927(c)(2). Under this standard, the ALJ properly determined that Dr. Yohe's opinion was entitled to little weight. (R. 25).

Dr. Yohe examined plaintiff only two times - on November 6, 2012, and subsequently on February 7, 2013, (R. 299-300, 302-303) - prior to completing a form report on May 23, 2013, and rendering an opinion that plaintiff is markedly limited in interacting appropriately with the public, co-workers and supervisors, markedly limited in responding to changes in a routine work setting, and extremely limited in responding appropriately to work pressures in a usual work setting. (R. 305). Dr. Yohe concluded that even routine, repetitive and simple entry level work would exacerbate plaintiff's symptoms. (R. 305). Plaintiff argues that the ALJ should have given controlling weight to Dr. Yohe's opinion on those matters, and contends the ALJ further erred by failing to adequately explain why he rejected the doctor's opinion.

Contrary to plaintiff's position, the ALJ summarized Dr. Yohe's assessment of plaintiff's mental work-related capabilities and explained that Dr. Yohe's opinion was not consistent with his

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

own treatment notes, which revealed that plaintiff had made progress, was stable overall, had much less anxiety and generally had unremarkable mental status examinations. (R. 25). In addition, the ALJ explained that Dr. Yohe's assessment was not consistent with GAF scores he assigned plaintiff or with plaintiff's treatment history, which did not include any psychiatric hospitalizations. (R. 25). Finally, the ALJ indicated that he gave little weight to Dr. Yohe's opinion because the doctor did not explain his reasoning for concluding that plaintiff was unable to perform even routine, simple entry-level work. (R. 25).

After reviewing the record, we conclude that the ALJ correctly determined Dr. Yohe's restrictive opinion of plaintiff's mental work-related capabilities set forth on the form report is inconsistent with his own treatment records. On the two occasions Dr. Yohe examined plaintiff prior to issuing his opinion, Dr. Yohe's mental status examinations were unremarkable. According to Dr. Yohe, plaintiff was cooperative, outgoing, alert and oriented, his memory was intact, and his affect was appropriate. (R. 303). Dr. Yohe found that plaintiff's though process, judgment and insight, and attention and concentration all were within normal limits. (R. 299-300). Dr. Yohe reported that plaintiff felt his medication provided him stability, his anxiety decreased, his depression improved and he no longer had problems with irritability. (R. 299, 302). In addition, Dr. Yohe assessed plaintiff a GAF score of 55, which indicates only moderate symptoms.[2] (R. 303).

---

[2]The GAF scale has been used by mental health clinicians and physicians to rate subjectively the social, occupational and psychological functioning of adults. A score between 51-60 indicates that one has moderate symptoms (e.g., flat affect and circumlocutory speech, occasional panic attacks) or moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers). Diagnostic and Statistical Manual of Mental Disorders (4th Ed. 2000). Although the latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) no longer includes the GAF scale, see Brown v. Colvin, 2013 WL 6039018, at *7 n.3 (E.D. Wash. Nov. 14, 2013) (noting that the GAF scale was dropped from the DSM–5), it was not improper for the ALJ to consider the GAF score Dr. Yohe assigned to plaintiff in connection with the ALJ's overall analysis of the doctor's opinion. See Markoch v. Colvin, 2015 WL 2374260, at *11 (M.D. Pa. May 18, 2015) (rejecting the plaintiff's argument that the ALJ erred in considering GAF scores and noting that the plaintiff's GAF scores were one relevant piece of evidence the ALJ considered in conjunction with the entire record). The ALJ ultimately determined that

AO 72
(Rev. 8/82)

While Dr. Yohe's treatment notes reflect that plaintiff experiences some limitations from a mental standpoint, they do not document the drastic limitations he identified on the form report.[3] For these reasons, the court finds that there was no error in the ALJ's decision to assign little weight to Dr. Yohe's opinion because it was inconsistent with his own treatment records and other evidence of record summarized by the ALJ in his decision. (R. 23-25).

Plaintiff next argues that it was improper for the ALJ to give some weight to the opinion of the non-examining state agency psychologist, Dr. Erin Urbanowicz, who reviewed plaintiff's records in March 2012 and determined that he had no more than moderate limitations in any mental work-related area of functioning. (R. 85-86). Plaintiff critiques the ALJ's reliance upon Dr. Urbanowicz's's opinion, arguing that she did not have the complete record to review, thus her assessment is invalid.

Contrary to plaintiff's position, the Regulations specify that state agency psychologists, such as Dr. Urbanowicz, "are highly qualified . . . psychologists . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §416.927(e)(2)(i). In addition, the Third Circuit has rejected plaintiff's argument that the lapse of time between Dr. Urbanowicz's review and the subsequent administrative hearing made it

---

Dr. Yohe's opinion was entitled to little weight because it was inconsistent the GAF score, plaintiff's treatment history and Dr. Yohe's treatment notes, which documented unremarkable examination findings. (R. 25).

[3] We note that the ALJ's carefully crafted RFC Finding accounted for plaintiff's mental limitations supported by the record by limiting plaintiff to understanding, remembering and carrying out simple instructions and performing simple, routine tasks, precluding plaintiff from contact with the public, restricting him to only occasional and superficial interaction with co-workers and only occasional supervision, and limiting him to a low stress work environment with no production rate pace work and only occasional and routine change in the work setting.

inappropriate for the ALJ to rely on the opinion. See Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (recognizing that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it"). It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings. Id., citing SSR 96-6p.

Here, the ALJ recognized that Dr. Urbanowicz performed her review in March 2012, and therefore was unable to review treatment records that were issued subsequent to that time. Accordingly, the ALJ only relied in part on Dr. Urbanowicz's assessment of plaintiff's mental work-related capabilities in crafting the RFC Finding, but included additional restrictions to accommodate plaintiff's other credibly established limitations supported by subsequent medical evidence. (R. 22, 25). For these reasons, the ALJ did not err in relying in part on Dr. Urbanowicz's opinion.

In conclusion, after carefully and methodically considering the medical evidence in this case, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: R. Christopher Brode, Esq.
Brode Law Firm
305 Walnut Street
Meadville, PA 16335

Christian A. Trabold
Assistant U.S. Attorney
17 South Park Row
Room A330
Erie, PA 16501